UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 3:20CR97 (MPS) |
| | : | |
| STEVEN STRANGE | : | August 20, 2021 |
| | : | |

**GOVERNMENT'S REQUEST FOR THREE WEEK CONTINUANCE OF SENTENCING TO INVESTIGATE POTENTIAL FRAUD ON THE COURT**

The United States moves for a three week continuance to allow the Government sufficient time to investigate apparent recent efforts by the defendant to defraud the Court and obstruct the Court's efforts to sentence the defendant on accurate information. The undersigned has discussed the request with defense counsel, who does not object to the continuance. The Government became aware of the apparent fraud late yesterday afternoon when following up to confirm the accuracy of documents submitted as part of the defendant's Reply submission [Doc. # 70], filed yesterday, August 19, 2021.[1] The Government seeks this continuance to conduct a necessary investigation of the potential misconduct. The continuance will also allow it, defense counsel, the Probation Office and the Court sufficient time to determine the appropriate next steps, including to what extent the relevant Sentencing Guidelines must be modified to reflect what appear to be efforts at obstruction of justice (a two level upward adjustment) and to consider whether a downward adjustment for acceptance of responsibility remains warranted in light of the apparent obstruction.

---

[1] The Government in no way seeks to impugn the reputation of defense counsel with this submission, who has an extremely good reputation with our Office. Instead, the conduct here appears entirely consistent with the defendant's prior fraud.

1

As the Court is aware, the defendant's sentencing is scheduled for Monday, August 23, 2021 at 10 am.  In anticipation of that sentencing, the defendant filed a Reply submission yesterday that includes several important letters in support of the defendant that have the potential to influence the Court markedly in determining the defendant's ultimate sentence.  The first letter, Exh. C to the defendant's Reply, purportedly from the owner of the company Ripe Revival, LLC, explains in some detail how the defendant is crucial to the survival of that company with its 40 or so employees (37 laborers, 4 office staff, and 1 manager – the defendant Strange).  The plain intent of the letter is to suggest to the Court that the defendant cannot be incarcerated lest the defendant's present employer and the many employees lose their livelihood.

Upon review of Exhibit C, the Government requested the FBI to contact the President and CEO of Ripe Revival, LLC to confirm the accuracy of the letter purportedly penned by him. The FBI reached the owner yesterday afternoon.  The owner informed the FBI that the defendant had been employed by the company, but the owner felt he had been misled by Strange and, as a result, terminated Strange's employment.  The owner stated that he did not write a letter to the Court.  Last night, the agent emailed the owner a copy of Exhibit C, and this morning discussed the matter further with him.  The owner again confirmed that he had nothing to do with the letter written on behalf of Strange and that he felt "side-swiped" by this matter.  The owner further noted that he had forwarded the information to his attorney and would like to talk with his attorney before discussing the matter further so that he might be careful and knowledgeable about any repercussions of involvement in the matter.  The owner indicated that he hoped to be back in contact with the agent later today.  In short, the owner's recent interviews strongly suggests that Exh. C is a fraudulent submission by the defendant.

In the defendant's Reply, filed yesterday, the defendant also submitted a lengthy letter

under seal purportedly from the defendant's primary care physician, Dr. Robert Bala, at the Rocky Mount Family Medical Center. Exh. E.  As noted in the Reply, this physician "has compiled a letter outlining each of Mr. Strange's medical conditions which counsel has submitted to probation contemporaneous with the filing of this supplement."  Reply, at 2. While, in part, submitted to assist designation purposes at the BOP, the letter, with its detail and length, plainly is intended to update the Court regarding the defendant's medical condition, given the time that has lapsed since the filing of the PSR and initial sentencing memoranda, and influence the Probation Office and the Court to give the defendant significant leniency at sentencing because of purported ongoing health conditions, a position advocated in the defendant's original sentencing memorandum.

After the Government learned of the apparent fraud on the Court involving the employer's letter, Exh. C, the undersigned requested the agent to follow up to determine whether the letter from the defendant purported primary care physician, Exh. E, was also fabricated.  The letter, appears to be a Word-generated document, listing in the header the Rocky Mount Family Medical Center, 801 English Road, Suite 100, Rocky Mount, NC with a phone number of 252-443-3133.   The letter is addressed to Judge Shea, reflecting that the letter was apparently drafted to update the Count on the defendant's current medical status, as suggested by the inclusion of the letter in the Reply.   Last evening the agent reached out to the Rocky Mount Family Medical Center at the phone number listed above and learned that Doctor Robert Bala, the purported letter writer, had not been working at the Medical Center for approximately three years.   Today, within the past hour, the agent was able to reach Dr. Bala, who is now working in Lakeland Florida, but had worked at Rocky Mount Medical Center until approximately July 2018.   Dr. Bala did not recall the defendant Steven Strange, although he potentially could have

seen him as a patient while at the Medical Center. He was certain he hadn't seen anyone named Steven Strange since then. He also advised that he never wrote a letter for Steven Strange for the Court and would have recalled it if he had been asked to do so, given the nature of such a letter.

In light of the above information, it appears evident that the defendant has engaged in an orchestrated effort to defraud the Court in an effort to impact his sentencing. The Government would seek to develop the record more fully in the next several weeks and then discuss the implications of the defendant's conduct with defense counsel and the Probation Office and file any need supplemental memoranda with the Court. While the Government, given existing schedules, would need at least two weeks to complete such an investigation, defense counsel has suggested that a three-weeks delay might be more appropriate given the various steps that might need be considered, including the filing of supplemental memoranda.

In light of the foregoing, the Government respectfully requests that the sentencing date be continued until a date at least three weeks from now.

Respectfully submitted,

LEONARD C BOYLE
UNITED STATES ATTORNEY

*/s/Christopher W. Schmeisser*

CHRISTOPHER W. SCHMEISSER
ASSISTANT U.S. ATTORNEY
Federal Bar No. ct14806
christopher.schmeisser@usdoj.gov
157 Church Street, 25TH Floor
New Haven, CT  06510
Tel.: (203) 821-3700
Fax: (203) 773-5377

CERTIFICATION OF SERVICE

      I hereby certify that on August 20, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.  The foregoing has also been sent by email to:

    Ryan C. Skal
    U.S. Probation Officer
    U.S. Probation Office
    450 Main St.
    Hartford, CT 06103

                                      */s/Christopher W. Schmeisser*
                                      Christopher W. Schmeisser